UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABINO C. PERALTA
and ARELY M. RAMIREZ,

    Plaintiffs,

v.                                              CASE NO. 8:17-cv-2580-T-23MAP

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## **ORDER**

A decade ago, the Treasury Department introduced the Home Affordable Modification Program, which allegedly requires a participating bank to use "reasonable efforts" to modify the mortgage of a person in default or reasonably likely to default.[1] After an eligible mortgagor applies for a modification, the program requires several "trial payments" before the bank approves the modification.

In June 2017, Gabino Peralta and Arely Ramirez and 117 other plaintiffs sued Bank of America in a single action.[2] *Case no.* 8:17-cv-1534-RAL (M.D. Fla. June 27,

---

[1] Bank of America disputes that a "reasonably foreseeable" likelihood of default qualifies a mortgagor for a modification and contends that a modification requires either delinquency or an "imminent default."

[2] In October 2016, several dozen plaintiffs (but not the Peralta and Ramirez) sued Bank of America in a single action in the Circuit Court for Hillsborough County, and the bank invoked diversity jurisdiction and removed the action. *Case no.* 8:16-cv-3384-SCB (M.D. Fla. Dec. 12, 2016). Moving to dismiss the action, Bank of America argued misjoinder of the plaintiffs' claims, failure to plead fraud with particularity, failure to state a claim, expiration of the four-year limitation, and the absence of a private right to sue a bank for violating the requirements of the Home Affordable

(continued...)

2017).  The 292-page "shotgun" complaint, which copied swaths from a *qui tam* complaint in the Eastern District of New York,[3] alleged fraud and the violation of Florida's Deceptive and Unfair Trade Practices Act.  In the part of the complaint specific to them, Peralta and Ramirez alleged that in January 2011 a Bank of America employee, "Angela," told them that a modification requires a default.  (Doc. 1 at ¶ 521 in case no. 17-cv-1534)  Bank of America allegedly omitted to mention that a reasonably foreseeable likelihood of default might qualify a mortgagor for a modification.  Moving to dismiss the complaint, Bank of America argued misjoinder of the plaintiffs' claims, failure to plead fraud with particularity, failure to state a claim, expiration of the four-year limitation, and the absence of a private right to sue a bank for violating the requirements of the Home Affordable Modification Program.

Before resolving the motion to dismiss, the presiding judge observed that the complaint, which alleged neither each plaintiff's citizenship nor the amount in controversy between each plaintiff and Bank of America, failed to invoke diversity jurisdiction.  (Doc. 15 in case no. 17-cv-1534)  Ordered to amend the complaint to invoke diversity jurisdiction, the plaintiffs submitted a 403-page complaint.  (Doc. 16 in case no. 17-cv-1534)  For the second time, Bank of America moved to dismiss the

---

[2](...continued)
Modification Program. Before the presiding judge resolved the motion to dismiss, the plaintiffs voluntarily dismissed the action.

[3] *United States ex rel. Gregory Mackler v. Bank of America, N.A.*, Case no. 1:11-cv-3270-SLT (E.D.N.Y. July 7, 2011).

complaint and repeated the arguments from the earlier motion. The presiding judge in that action found misjoinder, severed the plaintiffs' claims, and ordered the plaintiffs to sue separately.

The plaintiffs heeded the presiding judge's command. Between October 30, 2017, and November 3, 2017, more than a hundred plaintiffs sued Bank of America in the Middle District of Florida in eighty actions and alleged fraud under Florida common law. Excepting names, dates, addresses, and the like, the complaints are identical. The actions are distributed among eight district judges in the Middle District of Florida. In two actions, the presiding judges found the claims barred by the four-year limitation.[4]

In Peralta and Ramirez's third complaint (but the first complaint in this case), Peralta and Ramirez allege (Doc. 1) four misrepresentations by Bank of America. First, Bank of America allegedly failed to mention that a reasonably foreseeable danger of default might qualify a mortgagor for a modification; second, Bank of America stated that the mortgagors failed to provide Bank of America with the documents necessary to complete the modification; third, Bank of America orally notified the mortgagors that the bank approved the requested modification; and fourth, Bank of America charged a "fraudulent" inspection fee. For the third time, Bank of America moved (Doc. 9) to dismiss the complaint. Peralta and Ramirez

---

[4] *Torres v. Bank of America, N.A.*, 2018 WL 573406 (M.D. Fla. Jan. 26, 2018) (Lazzara, J.), *appeal filed* (Case no. 18-10698); *Paredes v. Bank of America, N.A.*, 2018 WL 1071922 (M.D. Fla. Feb. 27, 2018) (Chappell, J), *appeal filed* (Case no. 18-11337).

have not — in any motion, pleading, or other paper — moved at any moment in this action for leave to amend the complaint.

A February 1, 2018 order (Doc. 17) dismisses each fraud claim except the claim that Bank of America omitted to mention that a reasonably foreseeable likelihood of default might qualify a mortgagor for a modification. In this claim, Peralta and Ramirez allege that Bank of America instructed them on January 5, 2011, to "refrain from making their regular mortgage payments" in order to qualify for a modification. (Doc. 1 at ¶ 37) Bank of America allegedly omitted to mention that a reasonably foreseeable likelihood of default can qualify a mortgagor for a modification. (Doc. 1 at ¶ 37) Confusingly, Peralta and Ramirez allege elsewhere in the complaint that a modification requires not a reasonably foreseeable likelihood of default but rather an "eminent [sic] default." (Doc. 1 at ¶ 38) In either event, unaware of their option not to default, Peralta and Ramirez allegedly "refrained from" paying their mortgage and, as a result, "fell into default status." (Doc. 1 at ¶ 39) As a "direct result" of Bank of America's alleged omission, Peralta and Ramirez allegedly suffered the loss of both their home and the equity in their home. (Doc. 1 at ¶ 39)

Moving (Doc. 30) for summary judgment, Bank of America observes that the plaintiffs defaulted in October 2007, three years before Bank of America's alleged omission. In an affidavit that accompanies their response, Arely Ramirez affirms that she defaulted on the mortgage "due in part to the state of the economy and my

own personal financial obligations." (Doc. 33 at 6)  Two paragraphs later, Ramirez swears that, when she called Bank of America on January 5, 2011, she "was capable of and intended to start making my mortgage payments." (Doc. 33 at 6)  Ramirez affirms that Bank of America advised her not to cure the default and that she suffered a foreclosure after relying on Bank of America's advice. (Doc. 33 at 7)  Bank of America objects to the plaintiffs' maintaining two putatively irreconcilable sets of factual assertions (that is, "I was not in default" and "I was in default") and argues that the plaintiffs cannot in effect amend their complaint by responding to a motion for summary judgment with facts that conflict with the allegations in the complaint. Bank of America argues that the record reveals no genuine dispute of material fact about the fraud claim alleged in the complaint.

As Bank of America correctly observes, the fraud claim in the complaint appears to conflict irreconcilably with the argument in the response to Bank of America's motion for summary judgment.  In the complaint, the plaintiffs allege:

> Relying on the false statement and omission, [Peralta and Ramirez] refrained from making their regular mortgage payment and fell into default status.

(Doc. 1 at ¶ 39)  In the response to Bank of America's motion for summary judgment, the plaintiffs argue:

> The fact that [Peralta and Ramirez] were in default at the time of the phone call is irrelevant because it was [Bank of America's] statements that stopped [Peralta and Ramirez] from getting out of default.

(Doc. 33 at 3)  In other words, in responding to the motion for summary judgment the plaintiffs tacitly concede that they defaulted before the January 5, 2011 omission

and assert a new theory — that they "intended" to cure the default but that Bank of America's omission misled them into permitting the default to persist.

For more than a year, Peralta and Ramirez have evaded Bank of America's repeated efforts to confront the merits of the fraud claim. Responding to a motion for summary judgment that refutes the fraud claim in the complaint, the plaintiffs attempt to prolong this litigation by asserting a new and different theory. Although the protracted history of this litigation suggests an unwillingness or an inability by the plaintiffs to articulate specifically the perceived wrong, Peralta and Ramirez may amend the complaint a final time and no later than **MAY 25, 2018**, to allege a fraud claim based on Bank of America's misrepresentation of the eligibility requirement for a modification. **The fraud theory alleged in the complaint — or in the amended complaint if Peralta and Ramirez elect to amend the complaint — will control the balance of this litigation**. Also, if Peralta and Ramirez elect to amend the complaint, the amendment must (1) clarify whether a modification requires an "imminent" danger of default or a "reasonably foreseeable" likelihood of default and (2) must cite the statute, regulation, rule, or other authority that establishes the eligibility requirement for a modification under the Home Affordable Modification Program. If the third amended complaint fails to state a claim or fails to plead fraud with particularity in accord with Rule 9(b), Federal Rules of Civil Procedure, the plaintiffs may not submit a fourth amended complaint. If the plaintiffs elect not to amend the complaint or fail to timely amend the complaint, a further order will

promptly determine whether Bank of America's motion shows the absence of a factual dispute about the fraud claim alleged in the November 1, 2017 complaint. (Doc. 1)

After Bank of America moved to dismiss this action and the other eighteen actions on this docket,[5] the plaintiff's counsel submitted an identical response in every action. In each action in which Bank of America moved for summary judgment, the plaintiff's counsel submitted an identical response. An affidavit from each plaintiff accompanies each response, and excepting names, dates, and addresses the affidavits appear identical. As evidenced by Rule 9(b)'s particularity requirement, litigating a fraud claim requires careful attention to the details of each action. If the plaintiffs elect to amend the complaint, the plaintiff's counsel must tailor each complaint to the facts of each action and must not submit another boilerplate complaint.

ORDERED in Tampa, Florida, on May 18, 2018.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] *Gonzalez*, 5:17-cv-519-SDM; *Varela-Pietri*, 8:17-cv-2534-SDM; *Salazar*, 8:17-cv-2535-SDM; *Diaz*, 8:17-cv-2537-SDM; *Rostgaard*, 8:17-cv-2538-SDM; *Mosquea*, 8:17-cv-2551-SDM; *Peralta*, 8:17-cv-2580-SDM; *Rodriguez*, 8:17-cv-2583-SDM; *Ruiz*, 8:17-cv-2586-SDM; *Santos*, 8:17-cv-2588-SDM; *Acosta*, 8:17-cv-2592-SDM; *Blanco*, 8:17-cv-2593-SDM; *Garcia*, 8:17-cv-2602-SDM; *Zalazar*, 8:17-cv-2603-SDM; *Perez*, 8:17-cv-2623-SDM; *Moncada*, 8:17-cv-2625-SDM; *Espinel*, 8:17-cv-2628-SDM; *Ocampo*, 8:17-cv-2631-SDM; *Carmenates*, 8:17-cv-2635-SDM.